# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6061 | **DATE** | 12/3/2004 |
| **CASE TITLE** | PSN Illinois, LLC vs. The Andersons, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/16/2005 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** GPC's motion (Docs 11-2 & 13-2) to transfer this action to the Southern District of Iowa is denied. Fact discovery cut-off date of May 13, 2005 to stand.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | DEC 06 2004 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PSN ILLINOIS, LLC,

        Plaintiff,

vs.

THE ANDERSONS, INC. and GRAIN
PROCESSING CORPORATION,

        Defendants.

04 C 6061

**DOCKETED**

DEC 0 6 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on the motion of Defendant Grain Processing Corporation ("GPC") to transfer this matter to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff PSN Illinois, LLC ("PSN") filed the present action in the Northern District of Illinois for patent infringement under Title 35 of the United States Code. PSN is an Illinois limited liability company, having a registered office address of 280 South LaSalle Street, Chicago, Illinois. GPC is an Iowa corporation having its headquarters in Muscatine, Iowa. The Andersons, Inc. ("Anderson") is an Ohio



corporation having its executive offices in Maumee, Ohio. The two patents at issue in the present suit, both owned by PSN, involve U.S. Patent No. 4,685,420, entitled "Animal Litter and Related Processes", and U.S. Patent No. 5,176,107, entitled "Pet Litter" (collectively "the PSN patents").

PSN alleges that GPC's product, "The World's Best Cat Litter," and Anderson's product, "Clump 'N Flush," both infringe the PSN patents[1] pursuant to 35 U.S.C. § 271 et seq. PSN further alleges that both GPC's and Anderson's purported infringements have occurred in this judicial district and elsewhere in the United States and therefore, venue is proper here under 28 U.S.C. §§ 1391(b) and 1400(b). Anderson opposes a transfer of this matter to Iowa but has represented to the court that it would not challenge venue in the Northern District of Illinois. Anderson has requested that in the event the case is transferred to Iowa, the claims against it be severed from those against GPC. GPC argues that transfer to the Southern District of Iowa is appropriate under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice.

---

[1] On September 14, 2004, GPC brought an action for declaratory judgment of non-infringement against PSN regarding the PSN patents in the Southern District of Iowa, No. 04-CV-80101, pending before Judge Charles Wolle.

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer an action pursuant to this section is within the sound discretion of the trial court. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party bears the burden of "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Id. at 219-20.

In analyzing a motion to transfer, we must begin by examining the threshold issue of the propriety of venue within our district as well as whether the action could have originally been brought in the transferee court. 28 U.S.C. § 1404(a). For a patent infringement case such as this, venue is proper either where the defendant resides or in a place where the defendant has a regular and established place of business and acts of infringement occurred. 28 U.S.C. § 1400(b).

PSN argues, and we agree, that venue is appropriate in the Northern District of Illinois. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990). PSN goes on to state that it does not question that venue for GPC's declaratory judgment suit is supported in Iowa. Apparently assuming that the propriety of venue of GPC's Iowa declaratory judgment action mandates that venue for the

instant case also lies in Iowa, PSN concludes that the 1404(a) issue here conflates to consideration of the convenience of the parties and witnesses and the interest of justice. This assertion, however, ignores the presence of Anderson in this case. While PSN and GPC do not fully address whether this case could have originally been brought in the Southern District of Iowa, we must.

The applicable case law establishes that 28 U.S.C. § 1404(a) looks to the state of the case when the complaint was originally filed. See Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S. Ct. 1084 (1960); Centaur Ins. Co. v. Mission Ins. Group, 620 F. Supp. 1492, 1494 (N.D. Ill. 1985); Siemens Aktiengesellschaft v. Sonotone Corp., 370 F. Supp. 970, 972 (N.D. Ill. 1973); see also Gummow v. Superior Ratchet and Tool Co., Inc., 1997 WL 374406, at *5-*6 (N.D. Ill. June 20, 1997).

Here, the lawsuit as originally filed (and as it still stands) names both GPC and The Andersons. Anderson does not reside in the Southern District of Iowa, and GPC has offered no assertion or evidence that it committed acts of infringement or has a regular and established place of business in Iowa. Because the burden lies with GPC, the moving party, to establish that venue is proper in the transferee court, this lack of supporting information is fatal to the motion to transfer.

Further, even if venue had been proper in both courts, GPC has not shown that the Southern District of Iowa is clearly a more convenient forum for this proceeding.

To do so, GPC must demonstrate that, on balance, the convenience of the parties and the interests of justice are better served by transferring the case. Heller Fin. Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

## A. Convenience of the Parties

The convenience of the parties comprises four separate considerations: the plaintiff's chosen forum, the location(s) of the material events, the relative ease of access to sources of proof, and the relative convenience for parties and their witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp.2d 958, 960 (N.D. Ill. 2000). Here, PSN's chosen forum is the Northern District of Illinois. We note, however, that Illinois is not PSN's home forum. PSN is a registered Illinois limited liability company, but its manager (and possibly only employee) lives outside of Illinois. Accordingly, PSN's choice is not afforded the same amount of deference it would have received had PSN resided in Illinois. In addition, when the wrongful conduct complained of takes place almost entirely outside of the chosen forum, the plaintiff's choice of forum loses much of its ordinary importance. See, e.g., Chicago, R.I. & P.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955). Here, the accused cat litters were developed and manufactured outside of Illinois, but both allegedly infringing products were sold in Illinois. Accordingly, this consideration does not significantly weigh in favor of either forum.

GPC does not fare much better on the next factor, the location of the material events. In patent infringement cases, the events central to the case usually occur where the defendant conducts its allegedly infringing activities. S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983). Based on the information before us, GPC conducted its allegedly infringing activities primarily in Iowa, but Anderson had minimal, if any, contact with Iowa, as its allegedly infringing activities primarily transpired in Ohio. Therefore, this consideration does not favor transfer to Iowa.

The third factor looks to the relative ease of access to sources of proof. GPC insists that their ease of access to proof is severely compromised by having to litigate their case in Chicago. Specifically, GPC contends that all of the records that pertain to the development, manufacture, and marketing of the accused cat litter are located in Muscatine, Iowa. GPC further contends that all of its employees who have worked on the various aspects of the accused cat litter work in Muscatine and reside in or near Muscatine. It is axiomatic that a motion to transfer cannot be used simply to shift the one party's inconvenience onto another party. Moore v. AT & T Latin America Corp., 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001). GPC fails to take into consideration the inconvenience of Anderson, who would undoubtedly be significantly inconvenienced if the case were transferred to Iowa. Because the inconveniences of the parties are

more or less equivalent, this factor buttresses neither of the party's positions and is given little weight.

The final factor of the first consideration looks at the relative convenience for parties and their witnesses. Each party is located in one of the potential fora, so the relative convenience is the same as to the parties. With regard to the witnesses, GPC has primarily identified their employees as potential witnesses. It is assumed that employees of a party will appear voluntarily, so this court's subpoena power is not implicated by any of the witnesses GPC has named. Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc., 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999). This factor, like the third, does not tip the scales in either direction. See Heller Fin., 883 F.2d at 1293-94. On balance, and keeping in mind that GPC must strongly show that transfer is warranted and Anderson does not object to litigating this matter in our district, consideration of the convenience of the parties favors keeping the case here.

## B. Interests of Justice

In the context of a motion to transfer, the phrase "interests of justice" encompasses the speed within which the case will likely be resolved, familiarity of the respective courts with the law that applies to the dispute, the communities' relation to the challenged occurrences, and the desirability of resolving disputes where they arise. Amoco Oil, 90 F. Supp. 2d at 961-62. None of these factors weigh heavily in favor of

either party. First, GPC asserts that the parties will obtain a speedier resolution of this dispute in Iowa, in light of the docket of each court. In actuality, the median resolution times of cases brought in the two districts reveal that the Northern District of Illinois resolves civil cases in just under six months, whereas a case in the Southern District of Iowa is resolved in around eleven months. Next, patent law underlies the dispute, an area in which each court is equally versed. Finally, the last two factors weigh slightly in favor for GPC but that is offset by the existence of pertinent events in Ohio, given that more attention is given to the activities of defendants in patent actions. In sum, GPC has not made the strong showing required to prevail on this motion and we will not transfer the case.

## CONCLUSION

Based on the foregoing analysis, GPC's motion to transfer this action to the Southern District of Iowa is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC - 3 2004